```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ALFONSO R. KINNARD,**

                            **Plaintiff,**

             v.                           **CASE NO. 22-3148-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                            **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner, proceeds pro se. His fee status is pending.

**Nature of the Complaint**

Plaintiff alleges he was subjected to excessive force in violation of his rights.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line

from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has reviewed the complaint and will direct plaintiff to submit an amended complaint that provides a specific factual description supporting each of his claims. The present complaint, which simply refers to two grievances, is insufficient.

Because the complaint does not provide specific allegations of fact to support plaintiff's claims, it does not state a claim for relief. Instead, plaintiff must provide a statement that sets out what each defendant did and how he was harmed. The plaintiff also must show the personal participation of each defendant; bare allegations are insufficient to meet this showing. *See Kan. Penn. Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)("'It is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her.'")(quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

The amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no

longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and, as explained, must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

In addition, plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues,

y

and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

Because the court has determined that an amended complaint is required, it will not appoint counsel at the present time. However, if this matter survives screening, the court will consider whether counsel is needed upon the further development of the record.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **August 17, 2022**, to file an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge