Alfonso R. Kinnard, <u>Pro Se</u>
Inmate #83386
Larned Correctional Mental Health Facility
1318 KS Highway 264
Larned, Kansas 67550

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

---

| | |
|---|---|
| ALFONSO R. KINNARD,  Plantiff <br><br> V. <br><br> BEARDSLEY, SST/Officer, <br> Hutchinson Correctional Facility; <br> TOWERS, SST/Officer, <br> Hutchinson Correctional Facility; <br> JANZEN, SST/Officer, <br> Hutchinson Correctional Facility, <br> individually and in their <br> official capacities,   Defendants. | CASE NO.   22-3148-SAC <br><br> ――――――――――――――― <br><br> AMENDED <br> CIVIL RIGHTS COMPLAINT <br> PURSUANT TO 42 U.S.C. <br> §1983 |

### A.   JURISDICTION

1)   Alfonso R. Kinnard, is a citizen of Kansas who presently

resides at Larned Correctional Mental Health Facility,

1318 KS Highway 264, Larned, Kansas 67550.

2)   Defendant Beardsley is a citizen  of Kansas, and is employed as

a SST/Officer at the Hutchinson Correctional Facility. Defendant Beardsley

is being sued in his individual capacity  and in his official capacity.

At the time the claim(s) alleged in this complaint arose, defendant  was

acting under the color of state law as an officer at the Hutchinson

Correctional Facility.

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983                    1

3)    Defendant Towers is a citizen of Kansas, and is employed as
a SST/Officer at the Hutchinson Correctional Facility. Defendant Towers
is being sued in his individual capacity and in his official capacity.
At the time the claim(s) alleged in this complaint arose, defendant was
acting under the color of state law as an officer at the Hutchinson
Correctional Facility.

4)    Defendant Janzen is a citizen of Kansas, and is employed as
a SST/Officer at the Hutchinson Correctional Facility. Defendant Janzen
is being sued in his individual capacity and in his official capacity.
At the time the claim(s) alleged in this complaint arose, defendant was
acting under the color of state law as an officer at the Hutchinson
Correctional Facility.

5)    Jurisdiction is invoked pursuant to 28 U.S.C. §1331;
28 U.S.C. §1343(3); 42 U.S.C. §1983. Plaintiff seeks declaratory relief
pursuant to 28 U.S.C. §2201 and 2202. Plaintiff's claims for injunctive
relief are authorized by 28 U.S.C. §2283 & 2284 and Rule 65 of the Federal
Rules of Civil Procedure.

6)    Venue is invoked pusuant to 28 U.S.C. §1391 (b)(2) because the
events giving rise to these claims occurred in the district of Kansas.


B.   NATURE OF THE CASE


1) Briefly state the background of your case:

The defendants violated Plaintiff's Eighth Amendment rights when they
used excessive force against Plaintiff who was not resistant and Plaintiff
was in physical pain.

## C.   CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges
or immunities have been violated and that the following facts form
the basis for my allegations:

A)   (1) Count I: Defendants BEARDSLEY, TOWERS, and JANZEN
violated Plaintiff's Eighth Amendment right of the United States
Constitution by using excessive force against Plaintiff.

(2) Supporting Facts: (Include all facts you consider important,
including names of persons involved, places and dates. Describe
exactly how each defendant is involved. State the facts clearly
in your own words.):

I hereby attach Affidavit of Alfonso R. Kinnard to this Complaint and
I hereby incorporate the attached Affidavit of Alfonso R. Kinnard into
this Complaint to provide the facts. Defendants BEARDSLEY, TOWERS,
and JANZEN physically beat Plaintiff who was following instructions
and not physically resistant with the defendants as Plaintiff was in
physical pain, specifically when defendant TOWERS twisted Plaintiff's
wrist to cause Plaintiff physical pain after Plaintiff complied with
defendant BEARDSLEY's command of "get up" which defendant TOWERS
continued inflicting pain upon Plaintiff after Plaintiff said,
"You are hurting my wrist." causing Plaintiff to lay his own body
on to the floor of the Rotunda in an attempt to stop defendant TOWERS
from inflicting further physical pain upon Plaintiff, please note that
all of the defendants actions or omissions alleged occurred on
August 12, 2021, and rather then the defendants

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                3

asking Plaintiff as to why he laid down, the defendants TOWERS,

BEARDSLEY, and JANZEN picked Plaintiff's body up while pushing Plaintiff's

Right arm upwards behind Plaintiff's back while Plaintiff was in handcuffs

causing Plaintiff to scream due to physical pain in Plaintiff's arm and

defendants slammed Plaintiff's body on to ground causing Plaintiff more

physical pain when the defendants could have  so simply used one of the

available wheelchairs to transport Plaintiff to the cell rather than

continue to cause Plaintiff physical pain by picking Plaintiff up by

the chains of the handcuffs and ankle shakles carrying Plaintiff in that

manner over one hundred yard to the cell as Plaintiff whined in physical

pain and continuing to cause Plaintiff pain inside the cell as defendant

BEARDSLEY twisted Plaintiff's ankle and foot causing physical pain and

injury to Plaintiff. Defendants have a duty to protect Plaintiff from

Correctional Officers violent treatment and at no time did defendants

TOWERS, BEARDSLEY, or JANZEN attempt to protect Plaintiff who was not

being physically resistant with the defendants.


### D.   PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)   I have not begun other lawsuit in state or federal court dealing
     with the same facts involved in this action or otherwise relating
     to the conditions of my imprisonment.

2)   Plaintiff did exhaust his administrative remedies by filing the
     attached Grievances: BA00018851 and BA00018862.

2)  REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

1. A declaration that the acts and omissions described herein
   violated plaintiff's rights under the Constitution and laws of
   the United States.

2. A preliminary and permanent injunction ordering defendants
   to stop using force against plaintiff when plaintiff is not
   being  resistant.

3. Compensatory damages in the amount of $1,000,000.00 against
   each defendant, jointly and severally.

4. Punitive damages in the amount of $1,000,000.00 against each
   defendant.

5. A jury trial on all issues triable by jury.

6. Plaintiff's costs in this suit.

7. Any additional relief this court deems just, proper, and equitable.


_Alfonso R Kinnard_
Signature of Plaintiff