IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALFONSO R. KINNARD,**

      **Plaintiff,**

      v.                                              **CASE NO. 22-3148-JWL-JPO**

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**

### **MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Larned Correctional Mental Health Facility in Larned, Kansas, his claims arose during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On December 5, 2022, the Court entered a Memorandum and Order (Doc. 15) granting Plaintiff until January 3, 2023, to respond to the *Martinez* Report and to show good cause why this action should not be dismissed. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 16).

Plaintiff seeks the appointment of counsel, arguing that he cannot afford counsel and his incarceration will limit his ability to litigate his case. Plaintiff argues that he has limited access to the law library and limited knowledge of the law, his case is complex, and an attorney will make a difference in the outcome.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Amended Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 16) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated December 19, 2022, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
