Alfonso R. Kinnard
LCMHF
1318 KS HWY 264
Lamed, KS 67550

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF KANSAS

ALFONSO R. KINNARD

    Plaintiff,

                                                                           CASE NO. 22-3148-JWL-JPO

KANSAS DEPARTMENT OF

CORRECTIONS, et al.,

    Defendants.

## RESPONSE TO MARTINEZ REPORT

    This is the Plaintiffs response to the court's Memorandum and Order for the Martinez Report.

## STATEMENT OF FACTS

1. Use of Force Against Plaintiff on August 12, 2021

    The Plaintiff argues that the Defendant's behavior was out of line with the statements that were made to him. He argues that the Correction's Officers of KDOC are asked to follow a set of Rules in the IMPP 02-118. IMPP 02-118 states in Section "While on duty, employees shall at all times maintain a courteous, respectful and professional demeanor in their dealings with, and in the presence of, offenders, employees, visitors and public." Then goes on to say in

(B)(2) "Employees shall not use indecent, abusive or profane language while on duty, including racial or ethnic abuse slurs or jokes." This was done not only in front of the Plaintiff, but also in front of the nurse in the clinic of HCF.

The Plaintiff argues he was injured by the Defendant's at HCF. The Plaintiff's ankle was injured along with multiple injuries to his head. The Plaintiff argues that the Defendant was twisting his wrist and pushing it up into his back while he was handcuffed. The Plaintiff then goes to tell the Defendant, "If you keep hurting me like this, 1 $^5$ 11 make you carry me." It says in state vs Heiskell, 8 Kan. App. 2d 667.672.666, p.2d 207(1983) that the "use of excessive force by an officer invokes a right to self-defense." It can be argued here that the language used by the Defendant and the cruel and unnecessary force used while the Plaintiff was handcuffed elicited self-defense. The Plaintiff did not choose to use violent self-defense but choose to stay in place till he was treated properly. The Plaintiff understands that the Defendant says he tried to bite him during the altercation. The Defendant argues that when he was being injured while being handcuffed and being slammed to the ground, He screamed and opened his mouth, this is when the Defendant said that the Plaintiff then tried to bite him.

The Plaintiff argues that with all the foul language, along with the unnecessary pain inflicted during the handcuffing and transpon, that all this falls under the Cruel and Unusual Punishment Clause of the 8th Amendment. Hudson v McMillian 503 U.S. I (HN3) says "The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occurred." The Plaintiff suffered an injury to his face above his eye, a chipping

of one of his teeth, and injury to the head when he was slammed to the ground. His wrist was twisted into his back while handcuffed and could not move, and his ankle was twisted when he was being transported and when he told them what they were doing, no one stopped it. The Plaintiff argues that all this falls under the Cruel and Unusual Punishment Clause of the 8th Amendment because instead of everything that happened, the Defendant could have been cordial and instead of carrying him or twisting anything, they could have put him in a wheelchair.

## Conclusion

The Plaintiff moves to the Court to further pursue this issue in the investigation and provide the just and right outcome.

Respectfully Submitted,

*Alfonso Kinnard*
Alfonso R. Kinnard

## CERTIFICATE OF SERVICE

I hereby certify that on Janurary 3, 2023, I electronically filed the foregoing with the Clerk of the Court.

*Alfonso Kinnard*
Alfonso R. Kinnard