IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALFONSO R. KINNARD,

    **Plaintiff,**

v.                                                                                  CASE NO. 22-3148-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Larned Correctional Mental Health Facility in Larned, Kansas, his claims arose during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On August 29, 2022, the Court entered a Memorandum and Order (Doc. 7) directing the officials responsible for the operation of HCF to file a *Martinez* Report. The Court's Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 7, at 1.) The *Martinez* Report (the "Report") was filed on November 23, 2022. (Doc. 12.)

On December 5, 2022, the Court entered a Memorandum and Order (Doc. 15) ("M&O") granting Plaintiff until January 3, 2023, in which to respond to the Report and to show good cause why this action should not be dismissed for the reasons set forth in the M&O. This matter is before the Court on Plaintiff's Motion for Extension of Time (Doc. 18) and Response to Martinez Report (Doc. 19). The Court grants the motion for extension of time to the extent that the Court will consider Plaintiff's response as timely.

Plaintiff's allegations in his Amended Complaint (Doc. 6) involve an alleged use of

1

excessive force at HCF on August 12, 2021, while Plaintiff was being escorted to an isolation cell in the infirmary after an apparent suicide attempt. Plaintiff's factual allegations and the details of the Report are set forth in the Court's M&O.

The Report addressed the August 12, 2021 incident in detail, stating that Plaintiff's refusal to walk to the cell made it necessary for the officers to carry him 85 feet, and after Plaintiff attempted to bite one of the officers, he was further restrained and carried the last 106 feet to the infirmary door and then inside. The Report states that the video of the incident and the medical oversight indicates that Plaintiff was not injured in the course of the move and only began complaining days later. Plaintiff was convicted of disciplinary offenses in relation to the incident.

The M&O provided that, in light of the Report, the Court was considering dismissal of this matter for failure to state a claim of excessive force. Plaintiff was given an opportunity to respond to the Report and to show good cause why dismissal should not be entered.

In his Response, Plaintiff argues that the officers' statements to Plaintiff were "out of line" and that the officers failed to comply with KDOC's policies that require "employees [to] maintain a courteous, respectful and professional demeanor in their dealings with, and in the presence of, offenders, employees, visitors and [the] public . . . . [and to refrain from using] indecent, abusive or profane language while on duty . . . ." (Doc. 19, at 1–2.)

Plaintiff alleged in his Amended Complaint that during his medical visit, Defendant Beardsley started to laugh when Plaintiff could not remember why he was being placed into segregation. (Doc. 6–1, at 1.) Although Plaintiff and the nurse told Beardsley it was not funny, Beardsley continued to laugh. *Id*. Plaintiff then said, "Man nothing is funny," to which Beardsley replied: "Shut the fuck up, your seg clearance is done, get up." *Id*. Plaintiff also

alleged that Beardsley made derogatory comments and told Officer Tower that another inmate that had been in an altercation with SST Officers a few months prior was Plaintiff's cousin. *Id*. at 2.

Although Plaintiff's allegations suggest unprofessional conduct, that conduct does not rise to the level of a constitutional violation. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992). Furthermore, a plaintiff has the "burden to establish that the Constitution, not just a policy, is implicated." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (citing *cf. Jolivet v. Cook,* 48 F.3d 1232, —— (10th Cir. 1995) (unpublished) ("Plaintiff notes that defendants admitted they violated prison policy on use of taser weapons. However, violation of a prison regulation does not give rise to an Eighth Amendment violation absent evidence the prison official's conduct failed to conform to the constitutional standard.")).

Plaintiff does not deny that he refused to walk and told the officers he would make them carry him. Plaintiff argues, with regard to his discipline for attempting to bite one of the officers, that Plaintiff "screamed and opened his mouth" prompting the officer to state that Plaintiff tried to bite him. (Doc. 19, at 2.) Plaintiff argues that instead of carrying and "twisting" Plaintiff, the officers could have used a wheelchair to escort Plaintiff. *Id*. at 3. Nothing in Plaintiff's response suggests that the officer did not believe Plaintiff was attempting to bite him. The Report shows that Plaintiff apologized to the officer during Plaintiff's disciplinary proceedings, with Plaintiff quoted as testifying that "I wasn't trying to threaten or hurt you CPL Towers. I want to

apologize to you.  I just lost my mind I guess." (Doc. 12–8, at 4.)  Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim.  *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).  To establish the subjective component, Plaintiff must show that Defendants "act[ed] with a sufficiently culpable state of mind." *Id*.

The Court found in the M&O that the Report shows that force was applied in a good-faith effort to maintain or restore discipline, and not maliciously and sadistically to cause harm.  *See Reed v. Smith*, 1999 WL 345492, at *4 (10th Cir. 1999); *see also Wilson v. Wilcox*, No. 14-cv-0421-MSK, 2018 WL 1304532, at * (D. Colo. March 13, 2018) ("Because the disciplinary determination is inconsistent with some of Mr. Wilson's allegations . . . the factual findings in the disciplinary determination control, both under *Heck* and consistent with the doctrine of collateral estoppel.") (citing *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999); *Havens v. Johnson*, 783 F.3d 776, 782–83 (10th Cir. 2015)).

Plaintiff has failed to state a claim for excessive force.  Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth in the Court's M&O.

 **IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Motion for Extension of Time (Doc. 18) is **granted** to the extent that the Court will consider Plaintiff's response at Doc. 19 as timely.

**IT IS FURTHER ORDERED** that that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated January 26, 2023, in Kansas City, Kansas.

                                           **S/  John W. Lungstrum**
                                           **JOHN W. LUNGSTRUM**
                                           **UNITED STATES DISTRICT JUDGE**